## DENNIS ALLEN *v.* WALLAN SMITH.

**Real Estate—Title Bond—Occupancy.**
A person seeking to recover real estate must do so, if at all, upon the strength of his own title.

**Possession.**
Where a title bond was issued 88 years before any real claim is made under it, and where the holder is not in possession and has not been, his claim is too uncertain to recover the land from a descendant of the owner who has been holding the land adversely to all the world for a great period of time.

APPEAL FROM NELSON CIRCUIT COURT.

September 26, 1874.

OPINION BY JUDGE PRYOR:

It is not pretended that the appellee is invested with the legal

title to the land in controversy; and his equitable right is based alone upon the bond for title executed by the patentee, William Allen, to Owings, in the year 1780, upon which the legal title could not be obtained at this late day, if the heirs of Allen were before the court. Nearly a century has elapsed since its execution, and the only actual possession of any part of this land ever held by the appellee or those under whom he claims, was about forty years prior to the institution of this action; and from the evidence it is doubtful whether this possession was that of the appellee and those under whom he claims, or the possession of those claiming under David Allen. This possession was only for a short period, as when Allen left the cabin or premises they seem to have been occupied as much by the one party as the other. In fact, there has been no entry or occupancy of this land by the appellee, his assignors or tenants, for near half a century; and as before stated, the proof makes it doubtful whether this occupancy was under appellee's claim or under those hostile to it. John Allen, a grandson of David Allen, erected a house on this land and lived in it. His claim was hostile to appellee.

The title exhibited is worthless; and the chancellor is asked to turn one out of possession for another demanding it, who has neither the right of possession nor any greater or better title. The appellant, it is true, relies on his possession alone for his title; but this possession is superior to the claim of one who has neither the possession nor the right of possession, and is in no condition, either in a court of law or equity, to invest himself with title. The appellee must also recover upon his own title, although his adversary may exhibit no evidence of title. This bond for title 88 years old could give no right of entry to the appellee even against the original patentee or his heirs, and creates no equitable right as against those hostile to the claim under it. The judgment is *reversed* and cause remanded with directions to dismiss the appellee's petition.

*N. R. Grigsby, for appellant.*
*Muir & Wickliffe, for appellee.*